PEARCE, Appellant, v. ROBERTS *et al.*, GARNISHEES OF BURNS, Respondents.

1. Pearce v. Burns, ante, (p. 577,) affirmed.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit commenced by attachment against James and Henry Burns (the latter of whom died pending the suit), of the firm of Burns & Brother, on two promissory notes. Roberts and Kerr were summoned (the former, June 19th, 1854, the latter, July 14, 1854,) as garnishees, and interrogatories filed. The garnishees denied in their answer all indebtedness to Burns & Brother; also the possession of any property belonging to Burns & Brother. Plaintiff replied to this answer, and denied so much of the answer of the garnishees as alleged " that at the time they were summoned herein as such, they were not in possession of any goods, money, or effects of the defendants as charged," &c. Upon the trial of the issue thus raised, the court found the facts to be as follows : " That the property mentioned in the following writing came to the hands of the garnishees as hereinafter stated.

" Warsaw, Benton county Mo., Jan'y 24, 1854.

" Received of Messrs. Houseman, Lowry & Co., of St. Louis, Mo., $1074 09, as an advance in cash on lard in bar-

rels and kegs, hams, shoulders and sides in bulk, the product of three hundred and sixty hogs, now stored in L. H. Hicks' warehouse in Warsaw, the same to be shipped to Messrs. Houseman, Lowry & Co., St. Louis, on opening of navigation, for sale for account of Messrs. Burns & Brother, and to be covered by Messrs. H., L. & Co. by fire and marine insurance, and now subject to their order, control and possession; proceeds, after the above advance and charges, to be subject to order of Messrs. Burns & Brother. [Signed] Burns & Brother. [Witness,] Y. C. Blakey."

"I hereby acknowledge that, in my presence, Mr. J. D. Houseman took possession of property, of meat consisting of hams, sides and shoulders, lard in barrels and cans, for advances made to Messrs. Burns & Brother, for use of Messrs. Houseman, Lowry & Co., consisting of the product of 360 hogs, now in warehouse, which Mr. H. L. Hicks is agent and has control. Warsaw, January 24th, 1854. [Signed] Y. C. Blakey."

After the execution of said paper, Mr. Houseman, for Houseman, Lowry & Co., took possession of said articles and put them in a warehouse, rented for the purpose, at Warsaw, Mo., and left the key with the agent of Houseman & Lowry, directing that the goods should be sent forward to St. Louis according to the orders to be by them thereafter given. At the time, it was supposed by Burns & Brother and by Houseman that the articles would sell for more than enough to satisfy the demands and charges and commissions of Houseman & Lowry. It was therefore agreed by Houseman & Lowry that they would accept drafts for the balance which might be in Houseman & Lowry's hands, after the goods were sold and the claims of the latter were satisfied out of the proceeds of the sale. Houseman & Lowry sent by the steamboat Kentucky No. 2 an order on their agent to forward the articles to them by the said steamer. Said articles were brought on said steamer, consigned by Martin & Cook to the garnishees, with directions to pay Houseman & Lowry their demands out of the proceeds of

the sale, and to pass the balance to the credit of Martin & Cook. Martin is a brother-in-law of James and Henry Burns. The evidence does not show how Martin & Cook got possession of the articles. Houseman & Lowry never authorized Martin & Cook to take possession of or meddle with said articles in any way, nor were they aware, until the articles reached St. Louis, that Martin & Cook, or any one but Houseman & Lowry's agent, had got possession of the articles or attempted to control them.

After the articles had been delivered to Houseman & Lowry at Warsaw, as aforesaid, and Burns & Brother had requested, and Houseman & Lowry had promised, to accept drafts for said balance as aforesaid, and after the return of Houseman to St. Louis and before the articles were forwarded to St. Louis, drafts were drawn by Burns & Brother on Houseman & Lowry for various sums, one of said drafts being in favor of Pearce & Benedict for $342 25; the amount of said drafts by Burns & Brother on H. & L., in favor of various parties, exceeding the balance of the proceeds of the sale after payment of the demand of Houseman & Lowry. Said drafts were duly presented to Houseman & Lowry and they declined formally accepting them, but verbally promised to pay the same out of the said balance, in the order in which they were presented, so far as said balance would go, when received. Afterwards, when the articles came forward, consigned as aforesaid to the garnishees, (the articles arriving here on the 6th day of June,) Mr. Houseman called on the garnishees on the 7th day of June, and told them that the articles belonged to Houseman & Lowry; that Martin & Cook had nothing to do with them; that they (H. & L.) did not themselves care about the articles, further than to get the amount due them; and unless they were paid, they should take possession of the articles, and that they (H. & L.) had agreed to pay over to the payees of the aforesaid drafts the balance after the claim of Houseman & Lowry was satisfied.

Houseman & Lowry not taking possession of the articles, the

garnishees went on and sold the articles. The gross proceeds of the sale were $2030 62 ; commission and charges, $237 81 ; nett proceeds, $1792 81. On the 9th of June, Martin & Cook bought of garnishees goods to the amount of $450 64. The garnishees paid Houseman & Lowry's claim—$1258 02—and passed the balance to the credit of Martin & Cook, applying $450 64 thereof to the payment of what was due from Martin & Cook to the garnishees.

Thereupon, the court declares that the garnishees were not, when summoned as garnishees in this case, the debtors of James and Henry Burns, and the plaintiffs are not entitled to recover in this action.

Judgment was accordingly given against the plaintiff, and the garnishees recovered their costs, &c.

A motion for a review was made by plaintiff, and overruled, and the case is brought here by appeal.

*Wickham & Snead*, for appellant.

*Biddlecome*, for respondent.


LEONARD, Judge, delivered the opinion of the court.

This cause must take the fate of Pearce against Burns, ante, (p. 577,) and be reversed and remanded, on the same grounds ; and we refer to the opinion in that case, instead of repeating here what is there said. Both suits arose out of the same transaction, and the principal question in both was, whether the disposition of the property to Martin & Cook, made by Burns & Brother, was an honest transaction, or a mere transfer of the formal title, in order to protect the property for the latter against their creditors. In the former case the attachment against Burns was attempted to be supported on that ground, and in the present suit that we suppose is the ground upon which these defendants, who had in their hands, as commission merchants, the proceeds of the property which had been shipped to them by Martin & Cook, are to be charged as the garnishees of Burns & Brother. If the garnishees have any just claims

upon the property arising out of their own transactions with Martin & Cook, these, of course, will not be affected by any fraudulent combination between others to which they were not privy; but if, at the time of the garnishment, they held the money for Martin & Cook, who held it in fraudulent trust for Burns & Brother, they must answer for it, we suppose, to the creditors of the latter. Here, however, the facts found are not sufficient to enable us to determine, as a matter of law, that such was the character of the transaction between Martin & Cook and Burns & Brother.

The judgment is therefore reversed, and the cause remanded; Judge Ryland concurrring.